NEAL J. MARESCA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Maresca v. Commissioner
Docket No. 1244-73.
United States Tax Court
T.C. Memo 1974-212; 1974 Tax Ct. Memo LEXIS 107; 33 T.C.M. (CCH) 953; T.C.M. (RIA) 74212; August 15, 1974, Filed. *107 Petitioner, an American citizen employed by a Connecticut corporation in Saigon, Republic of Vietnam, received a per diem allowance for meals and lodging while working in Vietnam during 1969. Held, the per diem is includable in petitioner's gross income. Held further, petitioner's tax home was Saigon and he therefore is entitled to a travel expense deduction only for certain expenses incurred while traveling away from Saigon. Sherin V. Reynolds, for the petitioner. Irwin R. Cohen, for the respondent. WILES
MEMORANDUM FINDINGS OF FACT AND OPINION Wiles, Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1969 in the amount of $1,183.22. The issues for decision are whether per diem allowances received by petitioner for meals and lodging are includable in his gross income, and, if so, whether amounts expended by petitioner for meals and lodging while he was assigned to the Republic of Vietnam are deductible. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Neal J. Maresca (hereinafter referred to as petitioner) is an American citizen who resided in Saigon, Republic of Vietnam at the time the petition was filed in this case. Petitioner filed his Federal income tax return for the calendar year 1969 with the Office of International Operations, Washington, D.C.
Petitioner has been employed since 1962 by Avco Corporation, Lycoming Division (hereinafter referred to as Avco). Avco is a Connecticut corporation whose corporate headquarters *109 are located in Stratford, Connecticut. Avco manufactures helicopter engines, airplane engines and parts for sale to its customers. Avco assists its customers by providing technical assistance and training the customer's personnel in the proper use and maintenance of the products purchased from Avco. Petitioner was assigned to Southeast Asia for the purpose of providing assistance to the United States Army, one of Avco's customers. Avco's operations in this area increased in 1967 due to an increase in combat in Vietnam. Petitioner was first assigned to Vietnam in June 1963 for a period of seven months. He then returned to work for Avco in Stratford, Connecticut, maintaining a residence in North Bergen, New Jersey. While working for Avco in Connecticut, petitioner made some business trips within the United States lasting for periods of up to three weeks. Petitioner was sent by Avco to Vietnam in May 1967. He returned to the United States in June or July 1967, remaining for approximately one month or six weeks. He then returned to Southeast Asia in August 1967 as Avco's regional representative. Prior to petitioner's arrival this position had been held by five different individuals *110 since 1965. Petitioner was accompanied by his wife and three children. Since military directive prohibited the family from entering Vietnam, petitioner took them to Kuala Lumpur, Malaysia, where he rented a home, purchased a car, and enrolled his children in a private school, all at his own expenses. Petitioner then proceeded alone to Saigon where Avco maintained a field office for its technical representatives to the United States Army. In order to enter Vietnam it was necessary for petitioner to receive permission from military authorities. He received written authorization in April 1967 to enter Vietnam for one year. This authorization has been renewed as necessary since that time. From August 1967 through 1969, petitioner's assignment to Vietnam was only interrupted one time for a 15-day debriefing in December 1968. During 1969, the year in question, Avco representatives were responsible for providing assistance to the United States Army at various military installations throughout Vietnam and Southeast Asia. Petitioner was away from Saigon overnight during 1969 as follows: Bangkok
6 days
Singapore
3 days
Pleiku
3 days
Kuala Lumpur
16 days
*111 While in Saigon petitioner lived in a hotel room and ate his meals in military officer's messes or in local restaurants. He received $20 per diem from Avco to cover the cost of meals and lodging. This per diem allowance totalled $6,454 in 1969. Petitioner was also reimbursed for other business expenses. The $6,454 per diem allowance was listed as "other compensation" on petitioner's W-2 form in 1969. Petitioner did not include the per diem allowance in his gross income for 1969. OPINION The first issue for decision is whether per diem allowances of $6,454 received by petitioner for meals and lodging must be included in his gross income. Section 61 [1] provides that gross income means all income from whatever source derived including compensation for services and also for fees, commissions and similar items. Per diem allowances paid to an employee come within this broad definition. , affirmed (C.A. 8, 1963); ; . Accordingly, petitioner must include in gross income the per diem allowances for meals *112 and lodging received from Avco. We therefore must determine whether petitioner is entitled to a deduction for meal and lodging expenses incurred while he was employed in Saigon. Section 62(2) (B) allows an individual in determining "adjusted gross income" to subtract from gross income the deduction allowed by section 162(a) (2) for expenses of travel, meals, and lodging while away from home, paid or incurred by the taxpayer in connection with the performance by him of services as an employee. Section 162(a) (2) allows a deduction for traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business. [2] The Supreme Court has ruled that in order to qualify as a travel expense deduction, the expenses must be reasonable and necessary, they must be incurred "while away from home," and there must be a direct connection between the expenditure and the carrying on of the trade or business of the taxpayer or *113 of his employer. . The respondent concedes that the expenditures in issue were reasonable and necessary and that they were incurred in pursuit of business. Petitioner contends that his home in 1969 was Malaysia and that while he was employed in Vietnam he was "traveling away from home" so that he is entitled to a deduction for meals and lodging expenses incurred while traveling in Southeast Asia. The respondent contends that petitioner's tax home in 1969 was Saigon, Vietnam, and that petitioner therefore was not "traveling away from home" and is not entitled to any deductions for expenses paid for meals and lodging while in Saigon, Vietnam. We have consistently held that *114 the term "home" as used in section 162(a) (2) means a taxpayer's principal place of employment. See, e.g., ; . This position has been upheld by the Court of Appeals in whose jurisdiction an appeal in the instant case will lie. . We have recognized an exception to this rule, however, to the effect that the taxpayer's principal place of work is not his "home" for the purpose of section 162(a) (2) when his employment there is only "temporary," as distinguished from "indefinite" or "indeterminate." , and the cases cited therein. Petitioner contends that his assignment to Saigon was temporary rather than indefinite and that therefore Saigon was not his home. We do not agree. The bulk of the evidence points to the fact that the assignment was of indefinite or indeterminate duration. Neither petitioner nor his immediate supervisor knew how long he would be there. Petitioner had, in fact, been there for 28 months as of the end of 1969. Petitioner moved his family to Malaysia at *115 his own expense which indicates that he was not anticipating a brief stay in Vietnam. Petitioner's supervisor testified that petitioner could have been moved due to sickness, injury, cancellation of the contract by the Army or poor performance by the petitioner and that therefore the company classified his position as temporary. We have held, however, that the employer's classification as temporary is insignificant. . Furthermore, the reasons for which his assignment could have been terminated are factors that exist to a greater or lesser extent in any job. The fluid and volatile nature of a wartime situation does not in itself change the assignment's duration from indefinite to temporary. The history of rapid turnover in the position which petitioner filled is not significant considering that Avco's involvement in Vietnam increased in 1967. Petitioner contends that the military prohibition of his family accompanying him to Vietnam should in itself show that his assignment was temporary and that Saigon was not his home. We have held that the inability of the taxpayer to move his family to his principal place of employment *116 does not prevent that place of employment from being considered his "home" for tax purposes. ; . Accordingly, we hold that Saigon was petitioner's tax home in 1969 and that the expenses incurred while living there were "personal" expenses and not deductible under section 162(a) (2). In the alternative petitioner contends that even if his tax home in 1969 was Saigon, he is entitled to deduct half of his meals and lodging expenses because he spent half of his time during 1969 on business in places other than Saigon. The Supreme Court has construed the term "away from home" in section 162(a) to mean that a taxpayer traveling on business may deduct the cost of his meals and lodging only if his trip requires him to stop for sleep or rest. . Furthermore, in order to deduct travel expenses under section 162 the taxpayer must substantiate by adequate records or by sufficient evidence corroborating his own statement the amount of the expense, the time and place of the travel, the business purpose of the expense and the business relationship *117 to the taxpayer of any person receiving benefit from the alleged business expense. Section 274. In the instant case, petitioner has established that he traveled away from Saigon overnight for only 28 days during 1969. Respondent has conceded that petitioner is entitled to a deduction for meals and lodging for 12 of these days. Petitioner has failed to substantiate that the remaining 16 days, which he spent in Kuala Lumpur, Malayasia, had any purpose other than to visit his family. Accordingly, petitioner is entitled to no deduction for meals and lodging expenses other than for those conceded by respondent. Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue, unless otherwise indicated. ↩
2. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business; and ↩